US DISTRICT COURT

for the

District of Wyoming

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING
2017 FEB -6 PM 2:51
STEPHAN HARRIS, CLERK
CHEYENNE

Matthew Melander,
Melander Next Friend for
Justin Janpol, ~~Melander~~
and Joshua Spitzer

v.

Carrol Kornell, Nicole
Molder, Seth Norris,
Yonne Rife, Cherly
Becker

Case # 17-cv-22 F

42 § 1983-86 Suit for Findings
of Law & Recovery of Damages

Melander as Next Friend seeks only legal
findings & is acting to protect the rights
of Janpol & Spitzer to collect damages for
injuries related, Melander acquired signatures
of mentally incapacitated individuals, consistent
with Rules 17 of Federal & Wyoming
Court Rules (Next Friend Authorization)

Claim One  Melander for Janpol & Spitzer

The United States Supreme Court found in

2

Harper v Washington 474 US 210 (1990) that prisoners had to be dangerous, ~~a threat~~ substantial threat to themselves or others as well as that prisoners have a liberty interest in avoiding narcoleptics if not desired. Neither Jinpal or Spitzer wishes to be medicated. ~~The US Supreme Court~~ Spitzer has not done anything that could be classified as dangerous, Jinpal has not done anything that could be construed to be an actual threat of harm or injury to any person since Melaad arrived at A3 (Mental Health Unit) 11/22/13. At present DOC policy and/or practices does not require a finding, of a legal standard, of dangerousness before administering or continuing to administer neuroleptics

Major (formerly Captain) Seth Norris sits in with Medical Interest panel & decides if Jinpal is a danger, or if medication is appropriate, This review takes place every 6 months, the latest occurring in the week of 1/20/17 - 1/27/17. During the 6 month interval Jinpal has done nothing of any dangerous nature, If the defendants can say anything to the contrary it involves partial

3

who have had more issues, with more parties, then Jerpel.

Spitzer has, with the exception of a few days, been kept on LTAS (Segregation) under 16 activities of behavioral problems & dangerousness. He has made no act of aggression to anyone. Melendez advised him of his rights under Harper & it seems to have prevented forced medication for a time.

On 12/15/16 DOC recieves orders from Dr. Herbe Haw & Spitzer is forced, by a suited security team 200mg of Prolixin. Much of this occasion should be available on video. He recieves 200mg for each of the next 4 days & 100mg every 2 weeks after.

On 12/16/16 Spitzer complains of seizing & is unable to speak well to his intended hearer (Melendez is next door neighbor to Spitzer) 12/15/16 to 2/3/17 + ating

On 12/17/16 Spitzer is video recorded while seeking medical attention for acting symptoms or symptoms for day before. 12/17/16 evening Spitzer is lock jawed & unable to speak & declares he wants hospital attention & claiming chest pain, Spitzer is unable & stated he

4

forced shot & team goes into his cell to get him up for shot.

On LTAS segregation review ~~UM Molder writes~~ Special Management Unit Manager Nicole Molder writes "Continue Compelled Medication" citing danger etc.

Prisoners Jampolis & Spitzer's ~~5th~~ 5th, 14th Amendment rights were violated by these events. Major Seth Norris & Unit Manager Nicole Molder violating these rights.

Melander Next friend for Jampol & Spitzer Seeks Findings:

1. Prisoners have liberty interest in avoiding neuroleptics. That liberty interest is ongoing & never permanently forfeit.

2. A finding of dangerousness of a legal standard (W.S. title 25) is needed before the State has the right to involve 'medical interest panel.'

3. That Spitzer does not meet dangerous standard & that the State never had the right to force medicate Spitzer.

4. That the State must have the lawful

ability to declare Jarpal dangerous to continue medication, That Jarpal does not meet the legal definition of dangerousness.

5. That the dangerousness of ~~state~~ prisoners must be evaluated periodically, see tish monthly, & discontinued when their lawful ability to declare them dangerous ~~to~~ has passed. Find that when Inmates cease to be dangerous, or commit acts defined as such (Title 25) then the right to force medicate the steps

Melender & Next Fixed & Jarpal & Spitur

The US Supreme Court found in that the State does not have to house inmates alone to avoid unwanted forced medication under Turner vs Safely (Turner Standard)

A3, the Unit Jarpal & Spitur are housed contains 12 single bed cells & only 2 cells in A3 have more than 1 inmate. As such the inmates should have the right to stay on lockdown to avoid medication & that the decision in _____ is not applicable. The State provided an alternative available under Turner.

It is well known that Spitcu & Jopel wish to be free of neuroleptics.

Unit Manger Nicole Molder has decision-making authority over A3 housing. She is aware of both inmates wish to be free of neuroleptics. Spitcu is kept locked down anyway.

Melander Claims Jopel's & Spitcu's 5th & 14th Amendment rights are violated by Molder's failure to acknowledge their rights under Turner.

Find
1 Molder violates prisoners Jopel's & Spitcu's rights by not providing alternatives consistent with their ongoing rights & liberty interests.

2 That where single cells are part of mental health unit ~~that~~ ~~option~~ and available, inmates have the right to stay locked down to being forced medication, especially where kept locked down anyway.

Claim 3  Melander ~~Melander met freed for~~
~~Spitcu~~
On or about 10/15/15 (from # 300)
Melander attempted to produce an Affidavit ~~title~~ of Suspected Conspiracy against Justice

6

Jenipal. The Affidavit alleged that someone else had filed Complaints in the US District Court for Wyoming in Jenipals name. It also alleged that a 2nd Complaint had been filed, but made suppliment, in an effort to exhaust Jenipals Inform Papers rights and PLRA.

At 1st Carol Koorell, law librarian refused to print as well as notarize this affidavit. Koorell also refused to notarize an Affidavit of Events incident to said activities.

Communicator forms were sent to Case Team Leader Cheeryl Becker as well as Education manager Konne Trite. (See #320's)

Wyoming notary laws are passed by Congress (Wyo) + are not abridged by DOC policy, written or in promptu (sic).

Melander Claims his 1st + 14th Amendment rights were violated when his right to file an Affidavit with the authorities was violated + when his Wyoming Notary Law rights were violated

Melander seeks $750 under 42 USCS 1983-1286 against each Korrell, Trite, Becker in their official capacity only for violating his Notary Law rights

7

and seeks ~~$1000~~ $1,500 each for Kornell, Pride, and Becker in official capacity only for his violated right + ~~to~~ seek federal assistance with said ~~conspir~~ conspires.

Claim 4    Melander Next friend for Spitzer

On 12/29/2016 Spitzer was visited by law librarian, Kornell for notary service. He was attempting to notarize a Power of Attorney ~~for~~ authorizing his PSI be sent to ? party to be determined on quality. The line for Authorizee (sic) was blank.

Kornell refused. She claimed the right to refuse as Notary Public. ~~and/~~ ~~~~~~

This violated Spitzer's 1st & 14th Amendment rights of legal expression & equal protection

Spitzer seeks $750 for Kornell in her official capacity only.

8/8

On behalf of all Plantiffs.

2/1/2017

Plaintiffs

1  Mathew Melander        28692
Will

2  Justin Jarpl            24522

3  Joshua Spitar           30598

WMCI; 7076 Rd 55F
Torrington, WY    82240

Inmates are not allowed to file grievances
or each others behalf. Spitar + Jarpl are
relevantly incompetent.

Melander's claims are 'statutory violations'
and 'access to court violations' + are not
grievance/PLRA required.

The grievance system could offer
no relief.

Defendants

1. Carrol Korrell; Law Librarian
2. Niecole Molden; A3 Unit Manager
3. Seth Norris; Security Major
4. Konne Rife; Education Supervisor
5. Cheily Becker; Case Team Lead SMU

All ~~defendants~~ defendants' work address
WMCI; 7076 Road 55F
Torrington, WY 82240
Goshen County

Claim 1:

THIS IS AN UNCENSORED LETTER
FROM AN INMATE OF THE WYOMING
MEDIUM CORRECTIONAL INSTITUTION

Melander, M. 28092
WMCI; 7076 Rd 55F
Tomdin, WY
    82240

US District Court; Clerk of
2120 Capitol Ave #2131
Cheyenne, WY    82001

Legal

FOREVER
USA

$00.91⁰

ZIP 82240
041L11240588

POSTAGE

03/2017



RECEIVED

FEB 02 2017

WMC
Mailroom

THIS ENVELOPE IS RECYCLABLE AND MADE WITH 30% POST CONSUMER CONTENT

© USPS 2013